1

2

3                      UNITED STATES DISTRICT COURT

4                   EASTERN DISTRICT OF WASHINGTON

5   ROSSALYN MARIE ARMENTA,

6          Plaintiff,                        NO.  CV-11-0270-JLQ

7   v.                                       MEMORANDUM OPINION AND
                                             ORDER RE:  MOTIONS FOR
8   CAROLYN W. COLVIN[1],                    SUMMARY JUDGMENT
    Commissioner of Social Security,
9
           Defendant.
10

11         BEFORE THE COURT are Cross-Motions for Summary Judgment.  (ECF

12   Nos. 22, 24).  Plaintiff is represented by attorney Maureen Rosette.  Defendant is

13   represented by Assistant United States Attorney Pamela DeRusha and Special

14   Assistant United States Attorney Gerald Hill.  Plaintiff appeals the final decision of

15   the Commissioner of the Social Security Administration ("Commissioner") which

16   denied her application for Disability Insurance Benefits ("DIB") and Supplemental

17   Security Income ("SSI"), after a hearing before an administrative law judge

18   ("ALJ"). For the reasons set forth below, the Commissioner's decision is Affirmed.

19

20                      **I.  PROCEDURAL BACKGROUND**

21         On January 25, 2008 and May 6, 2008, Plaintiff applied for Disability

22   Insurance Benefits and Supplemental Social Security Income under Titles II and

23   _____

24         [1]  Carolyn W. Colvin became the Acting Commissioner of Social Security on

25   February 14, 2013.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure,
     Carolyn W. Colvin is substituted for Michael J. Astrue as the Defendant in this suit.
26   No further action is necessary to continue this action by reason of the last sentence

27   of 42 U.S.C. § 405(g).

28

XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 401–433 and §§ 1381–1383c. (Tr. 178-180). Plaintiff alleged disability with an onset date of November 1, 2003, due to osteoarthritis, fibromyalgia, COPD, sleep apnea, bursitis, facet disease, bulging disc in lumbar spine, depression and foot problems. (Tr. 204). Plaintiff's applications were denied initially on July 17, 2007 and upon reconsideration on September 10, 2008.  Plaintiff requested a hearing which took place on November 19, 2009 before ALJ Robert S. Chester.  (Tr. 3-100). On January 7, 2010, the ALJ issued a decision finding Plaintiff not disabled. (Tr. 14-35). Plaintiff's administrative appeal of the ALJ's decision was denied by the Appeals Council (Tr. 1-7), making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g). On July 21, 2011, Plaintiff timely filed the present action challenging the Commissioner's decision. (ECF No. 4).

Notably, Plaintiff filed previous applications for DIB and SSI benefits on March 25, 2005, with the same alleged onset date of November 1, 2003.  These previous applications were denied initially, on reconsideration, and by the  decision of an ALJ on October 17, 2007. That decision determined that Plaintiff was able to perform light duty work, including her past relevant work as a file clerk and cashier. (Tr. 114-125).

## II. JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## III.  SEQUENTIAL EVALUATION PROCESS

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act also provides that a claimant

shall be determined to be under a disability only if the impairments are of such severity that the claimant is not only unable to do her previous work but cannot, considering claimant's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

Step 1: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(b), 416.920(b). If she is, benefits are denied. If she is not, the decision maker proceeds to Step 2.

Step 2: Does the claimant have a medically severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step.

Step 3: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. Pt. 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to Step 4.

Step 4: Does the impairment prevent the claimant from performing work she has performed in the past? 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant is able to perform her previous work, she is not disabled. If the claimant cannot perform this work, the inquiry proceeds to the Fifth and final Step.

Step 5: Is the claimant able to perform other work in the national economy in

view of her age, education and work experience?  20 C.F.R. §§ 404.1520(f), 416.920(f).

The initial burden of proof rests upon the Plaintiff to establish a prima facie case of entitlement to disability benefits.  *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971).  The initial burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in her previous occupation.  The burden then shifts to the Commissioner to show (1) that the claimant can perform other substantial gainful activity and (2) that a "significant number of jobs exist in the national economy" which claimant can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## IV.  STANDARD OF REVIEW

"The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence and the [Commissioner] applied the proper legal standards."  *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)).  Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance.  *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989).  "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted).  "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965).  On review, the court considers the record as a whole, not just the evidence supporting the decision of the Commissioner.  *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989).        This court may set aside a denial of benefits only if the basis for denial is not supported by substantial evidence or if it is based on legal error. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). It is the role of the trier of fact, not this court, to resolve conflicts in the evidence.  *Richardson*, 402 U.S. at 400.  If the evidence

supports more than one rational interpretation, the court must uphold the decision of the ALJ. *Thomas*, 278 F.3d at 954 (9th Cir. 2002).

## V. FACTUAL BACKGROUND

The facts are contained in the medical records, administrative transcript (ECF Nos. 10-17)("Tr."), and the ALJ's decision, and are only briefly summarized here. Plaintiff was born in 1956 and was 53 years old at the time of the administrative hearing. (Tr. 69, 89). She has a high school education and attended some college courses, but did not receive a degree. (Tr. 89). She testified she was 5'4" tall and weighed 262 pounds. Her past work experience includes full time employment as an customer service representative for a phone company, a file clerk for a drug study company, and convenience store cashier. (Tr. 90-91). Plaintiff was last gainfully employed in 2003. (Tr. 90).

## VI. COMMISSIONER'S FINDINGS

The ALJ found at Step 1 that Plaintiff had not engaged in substantial gainful activity since November 1, 2003. (Tr. 19). At Step 2, the ALJ determined that Plaintiff has the following severe impairments: degenerative disc disease of the lumbar spine, diabetes mellitus (type II), degenerative joint disease of the left shoulder, obesity, affective disorder, somatoform disorder, and personality disorder. (Tr. 19). The ALJ also found that the following were "non-severe" in nature: a 2008 foot injury, right knee pain, headaches, renal insufficiency, hyperlipidemia, triggering fingers, asthma, allergies, hypertension, gastroesophageal reflux disease, and possible sleep apnea. (Tr. 21). Plaintiff's report of fibromyalgia was determined to be "non-medically determinable." (Tr. 21).

At Step 3, the ALJ determined that the Plaintiff's impairments, alone or in combination, did not meet or medically equal one of the listed impairments in 20 CFR Pt. 404 Subpt. P App 1 (Listings).

At Step 4, the ALJ determined Plaintiff has the residual functional capacity

("RFC") to perform light work with the following restrictions: she can only occasionally stoop, kneel, crouch, crawl and climb ramps or stairs; she cannot climb ladders, ropes or scaffolds; and she should have only superficial contact with others. (Tr. 24).

The ALJ found Plaintiff's statements regarding the severity of her impairments not fully credible due, in part, to evidence of non-compliance with prescribed treatment, both physical therapy and pain medication (Tr. 27). The ALJ also found that Plaintiff's failure to attend counseling sessions and scheduled evaluations also detracted from her credibility. As to the severity of Plaintiff's mental impairments, the ALJ determined her testimony was contradicted by the medical evidence. Finally, in assessing Plaintiff's credibility, the ALJ also pointed to evidence in the medical records reflecting upon Plaintiff's focus on qualifying for disability benefits as "indicative of a mindset of disability rather than actual disability." (Tr. 29).

During the administrative hearing the vocational expert testified that Plaintiff's past relevant work as a filing clerk is reflected in the Dictionary of Occupational Titles ("DOT") as DOT 206.387-034. (Tr. 106),1991 WL 671737 (description of "File Clerk I"). The expert then testified, based upon the hypothetical posed by the ALJ with Plaintiff's RFC, that she could perform her past relevant work as a file clerk. (Tr. 107). Based on this testimony of the vocational expert, the ALJ found at Step 4 that Plaintiff was able to perform the demands of her past relevant work as a filing clerk. (Tr. 30). Accordingly, based upon the prior adjudicated finding of non-disability and the ALJ's findings, the ALJ concluded that Plaintiff had not been disabled, as defined by the Social Security Act, from November 1, 2003 through the date of her decision, January 7, 2010.

# VI. ISSUES

The issue before the Court in this action for judicial review is whether the ALJ's decision is based on substantial evidence and is free of legal error.  Plaintiff seeks reversal of the ALJ's denial of benefits, arguing that:

1) The ALJ committed legal error by failing to provide specific and legitimate reasons for rejecting certain opinions of Frank Rosekrans, Ph.D., Cody Ellefsen, D.O., Fred Lege, A.R.N.P., and Christina Riese[2], A.R.N.P.; and

2) The assessment of Plaintiff's RFC is not supported by substantial evidence.

# VII. DISCUSSION

## A.  Preclusive Effect of Prior Proceeding

On October 17, 2007, in a prior proceeding, an ALJ found that Plaintiff was capable of light duty work and therefore was not disabled from November 1, 2003 to the date of that decision.  Final administrative decisions are binding under res judicata, *Miller v. Heckler*, 770 F.2d 845, 848 (9th Cir. 1985), and uncontested prior disability determinations preclude a finding of disability within a previously adjudicated period. *Casey v. Secretary*, 987 F.2d 1230, 1232–33 (6th Cir. 1993). In addition, the ALJ's earlier decision that Plaintiff could work created a *presumption* that Plaintiff continued to be able to work after that.  *Heckler*, 770 F.2d at 848 (9th Cir. 1985).

Although the ALJ in this case considered all of Plaintiff's medical records, the ALJ expressly stated that he was not reopening the prior decision and that his decision covered only the period from October 2007 through the date of his

---

[2] The court notes that although the ALJ's decision and the parties' briefs refer to Ms. "Riese," typewritten medical records from People's Clinic suggests her last name is "Riebe" (Tr. 432, 433, 437).  To avoiding creating confusion, the court utilizes the spelling used by the parties and the ALJ which likely stems from the more difficult to read handwritten printed name at Tr. 424.

decision in this case, January 7, 2010. (Tr. 17-18).   The fact that the ALJ
considered the earlier medical records (but did not necessarily discuss them all) is
not error, as the ALJ needed to do so in order to determine whether there had been
a substantial change in Plaintiff's condition since that time.

Accordingly, the court rejects Plaintiff's contention that ALJ Chester
committed legal error in failing to set forth specific and legitimate reasons for
rejecting "*any* of the four psychological evaluations completed by Dr. Rosekrans."
Three of the evaluations were conducted in 2004, 2005, and June 2007, which
precede the period found by the ALJ to be relevant.  The ALJ's failure to make
specific findings regarding these three earlier evaluations was not error.  *Heckler*,
770 F.2d at 848 (9th Cir. 1985).

**B. Medical Evidence**

Plaintiff contends the ALJ improperly rejected the opinions of Plaintiff's
medical providers. "The ALJ must consider all medical opinion evidence."
*Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir.2008); 20 C.F.R. §
404.1527(b); SSR 96-5p, 1996 WL 374183, at *2 (July 2, 1996). In weighing
medical source opinions in Social Security cases, the Ninth Circuit distinguishes
among three types of physicians: (1) treating physicians, who actually treat the
claimant; (2) examining physicians, who examine but do not treat the claimant; and
(3) non-examining physicians, who neither treat nor examine the claimant. *Lester
v. Chater*, 81 F.3d 821, 830 (9th Cir.1995). Generally, more weight is given to the
opinion of a treating physician than to the opinions of non-treating physicians. *Id.*
Where a treating physician's opinion is uncontradicted, it may be rejected only for
"clear and convincing" reasons, and where it is contradicted, it may be rejected
only for "specific and legitimate reasons" supported by substantial evidence in the
record. *Lester*, 81 F.3d at 830. An ALJ need not accept the opinion of a treating
physician, "if that opinion is brief, conclusory, and inadequately supported by
clinical findings" or "by the record as a whole." *Batson v. Comm'r of Soc. Sec.*

*Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).

The opinion of a non-examining physician is not itself substantial evidence that justifies the rejection of the opinion of either a treating physician or an examining physician. *Id*. at 831. "The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record." *Thomas*, 278 F.3d at 957 (2002). Factors that an ALJ may consider when evaluating any medical opinion include "the amount of relevant evidence that supports the opinion and the quality of the explanation provided; the consistency of the medical opinion with the record as a whole; [and] the specialty of the physician providing the opinion." *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). Where conflict exists between the opinion of a treating physician and an examining physician, the ALJ may not reject the opinion of the treating physician without setting forth specific, legitimate reasons supported by substantial evidence in the record. *Id*. at 632. "The ALJ can 'meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.' " *Thomas*, 278 F.3d at 957 (*quoting Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

One specific, legitimate reason for rejecting treating physician's opinion is when that opinion is premised on the claimant's subjective complaints, which the ALJ had already properly discounted. *See Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989). Where the treating physician's opinion is controverted by a non-treating physician's opinion based on independent clinical findings, the non-treating physician's opinion may be substantial evidence. *See Thomas*, 278 F.3d at 957 (*citing Morgan v. Comm'r Soc. Sec. Admin*., 169 F.3d 595, 600 (9th Cir.1999)). " 'When there is conflicting medical evidence, the [ALJ] must determine credibility

and resolve the conflict.' " *Id.* (quoting *Matney*, 981 F.2d at 1019).

Opinions of non-treating examining or consulting physicians alone may constitute substantial evidence supporting an ALJ's decision when they are consistent with other evidence in the record. *See Magallanes*, 881 F.2d at 752 ("[T]he reports of consultative physicians ... may serve as substantial evidence."); *Thomas*, 278 F.3d at 957 ("The opinions of nontreating or non-examining physicians may ... serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record."); see also 20 C.F.R. § 404.1527(e) (stating that the opinions of non-examining physicians constitute medical evidence).

Physicians' assistants, nurse practitioners, and therapists are medical professionals, but they are not "acceptable medical sources" (20 C.F.R. § 404.1513(a)) under the social security framework.  They are considered "other sources," 20 C.F.R. § 404.1513(d)(1).  The distinction between "other sources" and an "acceptable medical source" is important because only an "acceptable medical source" may be considered a "treating source." See 20 C.F.R. §§ 404.1502, 416.902.  The regulations provide that, "[i]n addition to evidence from the acceptable medical sources" evidence from other sources should be used to "show the severity of [a claimant's] impairment(s) and how it affects [the claimant's] ability to work." 20 CFR § 404.1513(d)  An ALJ may discount testimony from these "other sources" if the ALJ "gives reasons germane to each witness for doing so." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

**1. Frank Rosekrans, Ph. D.**

Plaintiff was evaluated at Psychological Services Spokane on four occasions after referrals by the state Department of Social and Health Services.  On all four occasions, Plaintiff was evaluated by mental health counselors Shannon Schoonover, MS and Kevin Shearer, MA, LMHC, CRC, who completed a DSHS Psychological/Psychiatric Evaluation form and narrative, which were then adopted

by Dr. Rosekrans as his own reports. (Tr. 343-349, 333-342, 399-410, 507-519). Plaintiff contends the ALJ did not set forth specific and legitimate reasons for rejecting Dr. Rosekrans' June 2, 2008 opinion. In that opinion, Mr. Shearer/Dr. Rosekrans reached the *same* conclusions they reached in the year 2007: that Plaintiff would have "moderate" limitations with regard to her ability to 1) learn new tasks; exercise judgment and make decisions; 2) to perform routine tasks; 3) relate appropriately to co-workers and supervisors; and 4) interact appropriately in public contacts. They further found she would have "marked" limitations in the categories of "ability to respond appropriately and tolerate the pressures and expectations of a normal work setting," as well as "ability to control physical or motor movements and maintain appropriate behavior."

Plaintiff contends the ALJ's *only* reasons for rejecting Dr. Rosekrans' opinion were the "boilerplate" statement that it was "in significant conflict with the body of his report and his objective findings during the evaluation"; and the fact that it was in conflict with the conclusions of the reviewing medical adviser, Dr. Mee. However, Plaintiff ignores the three paragraphs of discussion included in the ALJ's opinion at Tr. 23, devoted to comparing the 2008 opinions of Mr. Shearer with the overall evidence. The ALJ noted that Shearer's assessment of was in "significant contrast" with Plaintiff's reports in her disability application, which he outlined. The ALJ then contrasted Mr. Shearer's assessment with the claimant's counseling records from Spokane Mental Health and from Dr. Ellefsen. Finally, the ALJ compared his conclusions with Shearer's own observations and findings, as well as Plaintiff's self-reports. There is no error in the fact that the ALJ noted consistency between his evaluation of the record with the report of a state agency's reviewing psychologist, Dr. Mee. Indeed, the consistency of a medical opinion with the record as a whole is the proper focus of the ALJ's specific and legitimate rejection of the Shearer/Rosekrans' opinion of Plaintiff's degree of limitation.

**2. Cody Ellefsen, D. O**.

Plaintiff also alleges the ALJ failed to provide specific and legitimate reasons for rejecting Dr. Ellefsen's May 2009 opinion regarding Plaintiff's physical limitations.

The record evidences Plaintiff began seeing D. O. Ellefsen as her primary care physician in February 2008.  Between February 2008 and May 2009, she was seen by Dr. Ellefsen at least nine times, and additionally by other providers at Family Medicine Spokane, for various physical complaints including ear pain, toe pain, diabetes, nutrition counseling, and her request for a walker. She complained of low back pain to Dr. Ellefsen in July 2008 for which she was prescribed hydrocodone (Tr. 618), but Dr. Ellefsen discontinued all narcotic pain medications in April 2009 after multiple lab reports revealed no trace of the prescribed pain medications.   On May 6, 2009, Plaintiff was seen by Dr. Tubbs at Family Medicine Spokane complaining of stomach cramps and low back pain.  He noted that Plaintiff "did not wish to attend physical therapy at this time." (Tr. 781).

The next day, on May 7, 2009, Dr. Ellefsen examined Plaintiff for purpose of completing a DSHS physical evaluation form.  Dr. Ellefsen marked that Plaintiff had "moderate" back and shoulder pain, "mild carpal tunnel," and restricted mobility (stating "unable to sit for any length of time" and "really any physical activity exacerbates her pain").  He listed her "overall work level" as "severely limited," defined on the form as unable to lift 2 pounds or unable to stand and/or walk.  (Tr. 628).

Plaintiff contends "the ALJ's only reason for rejecting Dr. Ellefsen's opinion was that he determined that Ms. Armenta was not taking her pain medication as prescribed."  (ECF No. 23 at 18).  However, once again, Plaintiff's argument ignores the ALJ's explicit discussion.  First, the ALJ specifically stated he did not assign any weight to Dr. Ellefsen's "severely limited" assessment, because it "does not correspond with a finding that her impairments are mild or moderate." (Tr. 27). Second, the ALJ noted that other portions of Dr. Ellefsen's

ORDER - 12

DSHS evaluation were also inconsistent with the record. The ALJ noted that the opinion that she could not sit for any length of time, was contradicted by Plaintiff's earlier comment to Dr. Ellefsen that she had gained weight because she was sitting at the computer. Also, the ALJ pointed out that Dr. Ellefsen opinion that Plaintiff's impairment had begun in 2000 was not supported by the record. Likely because it seemed apparent that Dr. Ellefsen's assessment stemmed from Plaintiff's self report that day, the ALJ then commented on Plaintiff's lack of credibility (a finding not challenged here) due to her drug-seeking behavior addressed by Dr. Ellefsen and her dismissal from chronic pain counseling group for non-attendance.

The ALJ's rejection of Dr. Ellefsen's May 7, 2009 opinion was not as limited as Plaintiff contends, nor in error.

**3. Fred Lege, A.R.N.P. and Christina Riese, A.R.N.P.**

Plaintiff also contends the ALJ erred by failing to give any reasons for rejecting the opinions of ARNPs Lege and Riese. On June 27, 2006, Mr. Lege performed a physical evaluation for the Plaintiff for the Washington State Department of Social and Health Services. He opined on the form that Plaintiff would be restricted to sedentary work due to fibromyalgia and hip pain. (Tr. 395) One year later, ARNP Riese completed a similar form similarly opining Plaintiff was restricted to sedentary work with frequent position changes and sitting no more than 15 minutes, due to fibromyalgia and bilateral hip pain. (Tr. 423).

Notably, both of these opinions are outside the relevant period which was being considered by the ALJ. Thus for the reasons set forth above, the ALJ was not obligated to specifically address them, though the ALJ certainly could consider them in deciding whether the severity of Plaintiff's condition had worsened since the Commissioner's October 2007 decision. In fact, the ALJ's decision described the more recent of the two evaluations (Tr. 25-26) and found that it was inconsistent with the remainder of the medical evidence. The ALJ noted that even contemporaneous records from People's Clinic in the same month just prior to

Riese's evaluation, and also thereafter, suggested her mobility was not that restricted.   Even if the ALJ would have been required to address these "other source" opinions, the ALJ gave a germane reason for rejecting them, and thus did not commit legal error. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

Finally, as noted by the Defendant, both evaluations hinged upon an assumption that Plaintiff suffers from fibromyalgia.  However, Plaintiff did not challenge the ALJ's finding herein that fibromyalgia was not a medically determinable impairment.

The ALJ did not err in rejecting the opinions of Mr. Lege or Ms. Riese.

**C. Residual Functional Capacity (RFC)**

Plaintiff argues that if Dr. Ellefsen, Dr. Rosekrans, Mr. Lege and Ms. Riese's opinions are credited, the ALJ's residual functional capacity assessment is not supported by substantial evidence.  However, the court has concluded the ALJ did not erroneously discredit the disputed portions of these provider's opinions. In addition, Plaintiff does not argue that there was any error relative to the ALJ's ultimate conclusions on Plaintiff's credibility or lack thereof.

In determining Plaintiff's RFC, the ALJ properly considered the opinions of state agency physicians Dr. Gentile, Dr. Mee, and Dr. Platter.  Although agency physicians' opinions are not entitled to controlling weight, they are recognized as highly qualified physicians who are experts in the evaluation of medical issues in disability claims under the Social Security Act, and their opinions must be considered as expert opinion evidence from non-examining sources and given appropriate weight. 20 C.F.R. § 404.1527(f).   The ALJ exhaustively reviewed and recounted all of the medical evidence and witness testimony submitted to him for consideration. The ALJ appropriately assigned the state agency physicians' opinions significant weight, as they were consistent with the medical record as a whole.

The ALJ took into account the prior judge's determination that Plaintiff was

capable of light work, the medical evidence indicating Plaintiff had full range of motion, no gait disturbances, her reported level of activity, and that she responded to treatment of both her mental and physical symptoms – when she opted to participate in the prescribed treatment.

If there is evidence in the record to support the ALJ's conclusion, and the ALJ applied the correct legal standards, this Court must affirm the ALJ's decision. It is not this Court's job to reinterpret or re-evaluate the evidence however much a re-evaluation may reasonably result in a favorable outcome for Plaintiff. See *Batson v. Barnhart*, 259 F.3d 1190, 1193 (9th Cir. 2004)(where evidence is susceptible to more than one reasonable interpretation, the agency's decision must be upheld).

The Court determines that substantial evidence in the record supports the ALJ's decision.

## VIII. CONCLUSION

For the aforesaid reasons, the Commissioner's decision is affirmed.

**IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 22) is **DENIED**.

2. Defendant's Motion for Summary Judgment (ECF No. 24) is **GRANTED.**

3. The Clerk is directed to enter Judgment dismissing the Complaint and the claims therein with prejudice.

**IT IS SO ORDERED**.  The District Court Executive is directed to file this Order, enter Judgment as directed above, and close this file.

DATED this 18th day of February, 2013.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE